UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE (UNASSIGNED)

| | |
|---|---|
| PLEXUS CORP. AND PLEXUS INTERNATIONAL SALES AND LOGISTICS<br><br>PLAINTIFFS,<br><br>v.<br><br>UNITED STATES; THE OFFICE OF THE U.S. TRADE REPRESENTATIVE, KATHERINE TAI, U.S. TRADE REPRESENTATIVE; U.S. CUSTOMS & BORDER PROTECTION, TROY MILLER, U.S. CUSTOMS & BORDER PROTECTION OFFICAL PERFORMING DUTIES OF THE COMMISSIONER.<br><br>DEFENDANTS | COURT NO. 21-00195 |

## COMPLAINT

Plaintiffs, Plexus Corp. and Plexus International Sales and Logistics (hereinafter, collectively "Plexus"), by and through its undersigned attorney, allege the following as their Complaint:

1. This action contests Defendants' imposition of duties on Plaintiffs' imported merchandise under List 3 of Defendants' Trade Act of 1974 Section 301 action concerning China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation (83 Fed. Reg. 47,974 (September 21, 2018)), and under List 4 of Defendant's 301 action concerning China's Acts, Policies, and

Practices Related to Technology Transfer, Intellectual Property, and Innovation, (84 Fed. Reg 43,304 (August 20, 2019)).

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1581(i)(1)(B) and (D), and this action is timely filed pursuant to CIT Rule 6(a)(1) and 28 U.S.C. 2636(i) within two years after the cause of action first accrued as follows:

    a. for List 3 duties within two years of payment of the duties, or importation, or entry, or liquidation, and

    b. for List 4 duties within two years of Defendant's August 20, 2019 Federal Register Notice identified in paragraph 1 above,

which both continue to accrue and which Plaintiffs continue to pay.

3. Plexus has paid and continues to pay List 3 and 4 duties on its imported merchandise. (EXHIBIT 1).

4. Plaintiffs in this action have paid and continue to pay the duties that are being contested by this action, and have standing.

5. Defendants in this action imposed, administer, enforce, and collect the contested duties. Defendants that are individuals are being sued in their official capacity only.

6. On August 24, 2017, the USTR initiated an investigation into China's acts, policies, and practices related to technology transfer, intellectual property, and innovation. 82 Fed. Reg. 40,213.

7. On March 22, 2018, the USTR published the findings of its investigation. *Findings of the Investigation into China's Acts, Policies, and Practices Related To Technology Transfer, Intellectual Property, and Innovation under Section 301 of the Trade Act of 1974*, March 22, 2018, Office of the U.S. Trade Representative.

8. On November 20, 2018, the USTR published an update to its March 22, 2018 report. *Update Concerning China's Acts, Policies and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, November 20, 2018, Office of the U.S. Trade Representative.

9. On April 6, 2018, the USTR published notice of its determination in its investigation. 83 Fed. Reg. 14906.

10. On September 21, 2018, the USTR published notice of the final List 3 products subject to additional duty. 83 Fed. Reg. 47,974. Duties on this list continue to be collected on the subject imported products.

11. On August 20, 2019, the USTR published notice of the final List 4 products subject to additional duty. 84 Fed. Reg. 43,304. Duties on this list continue to be collected on the subject imported products.

12. The imposition of additional duties on the List 3 and 4 products is a violation of the requirement in 19 U.S.C. 2414(a)(2)(B) that such action must be taken within 12 months after the initiation of the investigation.

13. The imposition of additional duties on the List 3 and 4 products is a violation of the requirement in 19 U.S.C. 2411(a)(3), 2411(b) and 2417(a)(1) that such action must be based upon a finding of, and equivalent in value to, an increased burden on U.S. commerce caused by China's acts, policies, and practices related to technology transfer, intellectual property, and innovation.

14. For purposes of the Administrative Procedure Act, the imposition of additional duties on the List 3 and 4 products is arbitrary, capricious, an abuse of discretion, not in accordance with law, in excess of statutory authority and limitations, short of statutory right, and without observance of procedure by law, because Defendants exceeded the statutory authority granted to them and did not follow procedures mandated by statute; and is unsupported by substantial evidence because Defendants failed to

offer substantial evidence of an increased burden caused by China's acts, policies and practices that were the subject of the investigation, and failed to offer substantial evidence that the additional duties are devised so as to affect goods or services of the foreign country in an amount that is equivalent in value to that increased burden.

## Request for Relief

WHEREFORE, Plaintiffs request this Honorable Court to enter judgment in their favor, ordering Defendants to refund all Section 301 List 3 and 4 duties that Plaintiffs have paid with interest, and ordering Defendants to cease assessing Section 301 List 3 and 4 duties on merchandise imported by Plaintiffs, and to grant such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Myron Paul Barlow
Myron Paul Barlow, Esq.
Barlow & Company, LLC
550-M Ritchie Highway #114
Severna Park, MD 21146
Tel: (410) 315-9681
mb@barlowpllc.com

Dated: April 27, 2021

## EXHIBIT 1 TO PLAINTIFFS COMPLAINT

### Declaration of Alex Kuperman

I, Alex Kuperman, hereby declare as follows:

1. I am currently employed as the Senior Director of International Trade for Plexus Corp. and Plexus International Sales and Logistics, and in this capacity I have personal knowledge that Plexus Corp. and Plexus International Sales and Logistics have paid and continue to pay List 3 duties and List 4 duties on its imported merchandise, pursuant to the *Section 301 Action concerning China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation.*

2. I understand that the information in this Declaration is intended for use at the U.S. Court of International Trade in an action to refund these duties and to stop future imposition of these duties.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on April 23, 2021

Alex Kuperman
Senior Director International Trade
Plexus Corp.
Plexus International Sales and Logistics

## **CERTIFICATE OF SERVICE**

Pursuant to U.S. Court of International Trade Rule 4(b) and (h), I hereby certify that on <u>April 27, 2021</u>, copies of Plaintiffs' Summons and Complaint were served on the following parties by certified mail, return receipt requested.

| | |
|---|---|
| Attorney-In-Charge<br>International Trade Field Office<br>Commercial Litigation Branch<br>U.S. Department of Justice<br>26 Federal Plaza<br>New York, New York 10278 | Attorney-In-Charge<br>Commercial Litigation Branch<br>U.S. Department of Justice<br>1100 L Street, NW<br>Washington, DC 20530 |
| General Counsel<br>Office of the General Counsel<br>Office of the U.S. Trade Representative<br>600 17th Street, NW<br>Washington, DC 20006 | Chief Counsel<br>Office of Chief Counsel<br>U.S. Customs & Border Protection<br>1300 Pennsylvania Avenue, NW<br>Washington, D.C. 20229 |

<u>/s/ Myron Paul Barlow</u>
Myron Paul Barlow